**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1800**

NATALIE G. CARPENTER,

Plaintiff - Appellant,

versus

CARROLL, PINTO, INCORPORATED; CARROLL, PINTO,
INCORPORATED EMPLOYEES PENSION TRUST; CARROLL,
PINTO, INCORPORATED EMPLOYEES PROFIT SHARING
PLAN; GEORGE CARROLL, M.D.; CARLOS PINTO,
M.D.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (CA-04-758-2)

Submitted:  February 8, 2006          Decided:  March 7, 2006

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard K. Bennett, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond,
Virginia, for Appellant.  Robert W. McFarland, Amy Morrissey Turk,
MCGUIREWOODS, L.L.P., Norfolk, Virginia, William H. Baxter, II,
MCGUIREWOODS, L.L.P., Richmond, Virginia, for Appellee Carlos
Pinto, M.D.; John Y. Pearson, Jr., John S. Wilson, Michael C.
Laurence, WILLCOX & SAVAGE, Norfolk, Virginia, for Appellees
Carroll, Pinto, Inc., Carroll, Pinto, Inc. Employees Pension Trust,
Carroll, Pinto, Inc. Employees Profit Sharing Plan;  William R.

Savage, III, GLASSCOCK, GARDY & SAVAGE, Suffolk, Virginia, for Appellee George Carroll, M.D.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plaintiff-Appellant Natalie G. Carpenter appeals from the district court order granting summary judgement to Defendants-Appellees, Carrol, Pinto, Inc., et al., in her action under ERISA to collect benefits due and for breach of fiduciary duty.

Carpenter was married to Dr. Carlos Pinto in 1956. In 1977, they divorced and, as part of the property settlement, Dr. Pinto exercised an "irrevocable designation," making Carpenter the primary beneficiary in $100,000 from various ERISA qualified plans in which Dr. Pinto participated through his employer, Carroll, Pinto, Inc. In 2004, Carpenter brought suit against defendants, claiming, among other things, benefits due under the ERISA plans related to the irrevocable designation.

Defendants moved to dismiss the case on summary judgment. The district court granted defendants' motion to dismiss, holding that Carpenter did not have standing to bring the suit because she was not a fiduciary, beneficiary, or participant in any of the plans. 29 U.S.C. §§ 1132(a)(1)-(3). Specifically, the district court noted that Carpenter was clearly not a participant in or fiduciary of the plans. In addition, the district court held that, according to the relevant plan documents, a "beneficiary" is a person to whom a share of a deceased participant's interest in the plan is payable. Dr. Pinto was the only plan participant through whom Carpenter could claim beneficiary status. Because he was not

3

deceased, the district court concluded that Carpenter could not have standing as a beneficiary and, therefore, that Carpenter did not have standing to bring the suit under ERISA.

We have reviewed the record on appeal, including the district court's opinion and the parties' briefs, and have found no reversible error. Accordingly, we affirm on the reasoning of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED